## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Todd D. Lyons, being first duly sworn, state:

## INTRODUCTION

1.      I, Todd D. Lyons, am a Special Agent employed by the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been since May 2019.  Prior to being a special agent with HSI, I was employed as a police officer in Virginia for over 10 years.  I worked as a Patrolman, Training Officer, Canine (K-9) Handler, Detective and HSI Task Force Officer (TFO), and a Supervisor (Sergeant) in both Patrol and Detective Divisions. Prior to being employed as a police officer, I was a Deputy Sheriff in Virginia for over 4 years.

2.      I am a graduate of the Basic Law Enforcement Couse at the Hampton Roads Criminal Justice Training Academy located in Newport News, Virginia; the Federal Bureau of Investigation (FBI) National Academy located in Quantico, Virginia; the Criminal Investigator Training Program at the Federal Law Enforcement Training Center located in Brunswick, Georgia; and the Homeland Security Investigations (HSI) Academy located in Brunswick, Georgia.  I have received training specific to the mission of HSI Special Agents and the statutes they enforce.

3.      As an HSI Special Agent, I am a law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is a federal agent empowered to conduct investigations and engaged in enforcing federal criminal statutes.

4.      I have conducted multiple investigations for a variety of violations of federal and state law including drug smuggling and distribution, gang investigations, violent crime, and a variety of offenses involving firearms.  In my investigative experience, I have made arrests and executed arrest warrants, conducted physical surveillance, conducted electronic surveillance,

1

executed search warrants, conducted searches, seized evidence, and reviewed recordings. I have interviewed witnesses and victims and worked with cooperating individuals.

5. This Affidavit is submitted in support of the attached criminal complaint charging Eduardo PEREZ-LEGRA, with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), which states in part, "[I]t shall be unlawful for any person knowingly or intentionally to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance."

6. The facts and information contained in this Affidavit are based on my personal knowledge and observations, information conveyed to me by other law enforcement officials, and my review of records, documents, and other physical evidence obtained during the investigation of this case. All observations referenced below that were not personally made by me were related to me by the people who made such observations.

7. This Affidavit contains information necessary to support probable cause for the application. It is not intended to include each and every fact and matter observed by or known to me. Unless specifically indicated, all conversations and statements described in this Affidavit are related in substance and in part only and are not intended to be a verbatim recitation of such statements.

## SUMMARY OF PROBABLE CAUSE

8. On May 1, 2026, HSI Special Agent Michael Gianoukos conducted surveillance at the address of *** Deputy Lane, Apartment *, Newport News VA, 23608. At approximately 8:12 a.m., SA Gianoukos observed PEREZ-LEGRA exit the apartment. PEREZ-LEGRA is a citizen and native of the country of Cuba. On May 15, 2012, an immigration judge in Lumpkin, Georgia

ordered PEREZ-LEGRA removed from the United States, and a Final Order of Removal was issued.

9.    On May 4, 2026, HSI Special Agent Gianoukos, SA Daniel Woloszynowski, and officers from U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) conducted additional surveillance at *** Deputy Lane, Apartment *, Newport News VA, 23608.  At approximately 8:17 a.m., PEREZ-LEGRA exited the apartment and the officers of ERO arrested PEREZ-LEGRA pursuant to the Final Order of Removal.  The arrest took place in the parking lot adjacent to the apartment building.

10.    During a search of PEREZ-LEGRA after his arrest, ERO officers located a bag of suspected cocaine in his right cargo pocket and four (4) plastic "corner bags" of pills and suspected Suboxone (buprenorphine and naloxone) in his left front pocket.  ERO officers transported PEREZ-LEGRA to the Newport News Police Department's North Precinct.

11.    On May 4, 2026, HSI SA Jason Wood and I responded to the Newport News Police Department's North Precinct.  I retrieved the suspected controlled substances that had been removed from PEREZ-LEGRA.  I transported the suspected controlled substances back to an HSI office and conducted field tests and obtained weights for each of the items.  The following is a summary of what was recovered:

- Cocaine, positive field test: The cocaine weighed approximately 19.5 grams and was packaged in nineteen (19) individual plastic "corner bags."  The smaller bags ranged in weight from .5 grams to 3.5 grams. Based on my training and experience, the cocaine was packaged in a manner that is not consistent with personal use.  Cocaine is a Schedule II controlled substance.

3

- Oxycodone pills, positive field test: The circular pink pills were packaged in two separate plastic "corner bags." One bag contained seventy-six (76) pills, and the other bag contained nine (9) pills. Collectively, the two bags weighed approximately 8.9 grams. Oxycodone is a Schedule II controlled substance.

- Fentanyl pills, positive field test: Five (5) circular white pills were packaged in a plastic "corner bag." The bag weighed approximately 1 gram. Fentanyl is a Schedule II controlled substance.

- Oxycodone pills, positive field test: Sixteen (16) circular blue bills were packaged in a "corner bag." The bag weighed approximately 1.8 grams.

- Suboxone (buprenorphine and naloxone): Twenty-seven (27) individually wrapped sublingual films or "strips." Suboxone is a Schedule III controlled substance.

## CONCLUSION

12.    Based on the foregoing, I submit there is probable cause that on or about May 4, 2026, Eduardo PEREZ-LEGRA did violate Title 21, United States Code, Section, 841(a)(1), which states in part, "[I]t shall be unlawful for any person knowingly or intentionally to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance."

Todd D. Lyons
Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security

This Affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Alyson C. Yates.

Reviewed:

Alyson C. Yates
Assistant United States Attorney

4

SUBSCRIBED and SWORN before me on this 5th day of May 2026, in the City of Norfolk, Virginia.

_____
Hon. Lawrence R. Leonard
UNITED STATES MAGISTRATE JUDGE